# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-1056V
(not to be Published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | |
| RACHEL GARCIA, * | | Chief Special Master Corcoran |
| * | | |
| Petitioner, * | | Filed: May 1, 2023 |
| * | | |
| v. * | | |
| * | | |
| SECRETARY OF HEALTH AND * | | |
| HUMAN SERVICES, * | | |
| * | | |
| Respondent. * | | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

*Mari C. Bush*, Mari C. Bush LLC, Boulder, CO, for Petitioner.

*Dorian Hurley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On March 11, 2021, Rachel Garcia filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that she suffered from optic neuritis and vision loss as a result of the Hepatitis B vaccine she received on March 9, 2018. Petition (ECF No. 1) ("Pet.") at Preamble. After the claim's initiation, Petitioner submitted pertinent medical records and affidavits. On December 23, 2022, Respondent filed his

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2018). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Rule 4(c) Report, recommending that compensation was not appropriate in this matter, and the case should be dismissed. *See* Report, dated Dec. 23, 2022 (ECF No. 63).

On January 17, 2023, I issued an Order directing Petitioner to file an Expert Report addressing the diagnosis of Petitioner's post-vaccination injury. *See* Order, dated Jan. 17, 2023. On April 27, 2023, Petitioner filed a Status Report noting her efforts to consult with treating care providers and experts, but further indicating that she will not be filing an Expert Report considering challenges in the accuracy of the diagnosis and in weighing damages. *See* Status Report, dated Apr. 27, 2023 (ECF No 64) at 1. Petitioner stated that she seeks to withdraw her claim so as to not waste the time, funds, and judicial resources of the Program. *Id*. at 2. And she expressed a desire to exercise her rights to file a civil action in the future, and thus (pursuant to 42 U.S.C. § 300aa-21(a)(2)) she intends to elect to reject the Vaccine Program judgment against her. *Id*.

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail herself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because the claim appears unlikely to succeed, or simply because the petitioner prefers not to continue with the claim, but seeks to terminate the action after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Hum. Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl. Spec. Mstr. Oct. 11, 2019). Dismissal of Vaccine Program cases at this particular stage of the litigation is not uncommon. Indeed, the rules of the Court of Federal Claims (which are properly applied herein) permit dismissal of claims at a petitioner's/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2).

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner has, however, determined that she would not be able to prevail in this matter due to challenges with the accuracy of the optic neuritis diagnosis following vaccination. And a petitioner may not be awarded compensation based on her claim alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). These materials have not been submitted, and Petitioner acknowledges she cannot obtain them or otherwise succeed.

For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof. The Clerk of Court shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.