# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1056V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| RACHEL GARCIA, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: September 13, 2023 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Mari C. Bush*, Mari C. Bush LLC, Boulder, CO, for Petitioner.

*Dorian Hurly*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On March 11, 2021, Rachel Garcia filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2] (ECF No. 1) ("Pet."). Petitioner alleged that she suffered from optic neuritis and vision loss as a result of the Hepatitis B vaccine she received on March 9, 2018. Pet. at Preamble. However, on April 27, 2023, Petitioner filed a Status Report seeking withdrawal of her claim, and on May 1, 2023, I granted Petitioner's request. Decision, dated May 1, 2023 (ECF No. 65) ("Decision").

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 7, 2023 (ECF No. 71) ("Final Fees Mot."). Petitioner requests a total of $38,131.18, reflecting $35,317.30 in fees incurred for the services of attorney Mari Bush and a paralegal, plus $2,813.88 in costs. Final Fees Mot. at 5. Respondent reacted to the final fees request on July 21,

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

2023. Response, dated July 21, 2023 (ECF No. 74) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. That same day Petitioner filed a Reply noting that she has no additional argument to offer. (ECF No. 75).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$36,367.18**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum.*

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was voluntarily dismissed, after I provided her the opportunity to file an expert report addressing the diagnosis of Petitioner's post-vaccination injury. Petitioner noted in a Status Report of her efforts to consult with treating care providers and experts, but ultimately decided not to file an expert report considering challenges in the accuracy of the diagnosis and in weighing damages. However, the claim's lack of success does not mean the claim itself lacked reasonable basis. On the contrary—I had invited expert input in order to breathe additional life into a claim that seemed to have some existing objective support. *See* Docket Entry Order, dated January 17, 2023. There was sufficient objective evidence of both the fact of vaccination and injury.

Accordingly (and in light of the lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible despite the fact that the claim was dismissed. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C.,

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| **Attorney** | **2021** | **2022** | **2023** |
|---|---|---|---|
| **Mari Bush** | $455.00 | $470.00 | $495.00 |
| **Paralegal** | $148.00 | $153.00 | $161.00 |

ECF NO. 71-1 at 8.

Ms. Bush practices in Denver, CO—a jurisdiction that has been deemed "in forum." Accordingly, she should be paid forum rates as established in *McCulloch. See Cooley v. Sec'y of Health & Hum. Servs.,* No. 17-1556V, 2021 WL 4272592, at *2 (Fed. Cl. Spec. Mstr. Aug. 17, 2021). However, the rates requested for Ms. Bush are inconsistent with what has previously been awarded for her time, in accordance with the Office of Special Masters' fee schedule.[5] *Tracy v. Sec'y of Health & Hum. Servs.*, No. 16-213V, 2022 WL 17821107, at *4 (Fed. Cl. Spec. Mstr. Nov. 16, 2022) (discussing how in previous decisions Ms. Bush had been awarded $400 per hour from 2015-19, and $410 per hour from 2020-21).[6]

Because of this, the requested 2021 rate is plainly too high. There are no current cases that discuss Ms. Bush's rates for 2022 and 2023, but they can be calculated based on the 2021 sum, allowing increases in each year commensurate with the "jump" in prior years while also consistent with the forum rate schedule. Thus, Ms. Bush's rates will be determined as follows: $410 per hour for 2021, $440 per four for 2022, and $470 per hour for 2023. With these new rates, this is a  a

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 1, 2023).

[6] I will note that the *Tracy* special master awarded Ms. Bush $400 per hour for work performed from 2014-17; $380 per hour for work performed in 2018-21; and $390 per hour for worked performed in 2022. *Tracy*, 2022 WL 17821107, at *5. However, this difference was due to the fact that Ms. Bush was a solo practitioner with over forty years' experience as a practicing attorney, with substantial experience in the Vaccine Program since 1990, but had requested the involvement of another attorney, and the special master felt this was irreconcilable and contributed to unnecessary fees. *Id.*

difference of $1,764.[7] I otherwise deem the time devoted to the matter to be reasonable, and will make no adjustments in that regard.

### III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $2,813.88 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, costs associated with work of two experts - Jeffrey L. Bennett, M.D., PhD, and neurologist Hua J. Chen, M.D. Ex 24 at 23. Dr. Bennett reviewed Petitioner's medical records and had an extensive teleconference with Ms. Bush to discuss issues concerning Petitioner's diagnosis and sequelae. ECF No. 71-1 at 9. He submitted a retainer invoice for a total of $2,000.00 (at an hourly rate of $1,000). ECF No. 71-3 at 8. The total amount for his services was reasonable for the work performed, and I do not find any reason to make any reductions (although the rate requested is exceedingly high, and would not likely be endorsed generally in future cases absent a robust and persuasive showing by a petitioner). Dr. Chen, one of Petitioner's treating physicians, submitted an invoice for $200.00 for a pre-trial conference with counsel to discuss whether an expert report might be needed. ECF 71-1 at 23. I find the total amount for this work reasonable and do not find any reason to make any reductions. In addition, medical record retrieval costs and mailing costs are typical in the Vaccine Program and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees

---

[7] Ms. Bush worked 10.4 hours in 2021 and charged a rate of $455, which equaled $4,732. For the same number of hours at the correct rate of $410, the total is $4,264. This reduces her fees by $468 in 2021. In 2022, Ms. Bush worked 33.7 hours and charged a rate of $470, which equaled $15,839. For the same number of hours at the correct rate of $440, the total is $14,828. This reduces her fees by $1,011 in 2022. In 2023, Ms. Bush worked 11.4 hours and charged a rate of $495, which equaled $5,643. For the same number of hours at the correct rate of $470, the total is $5,358. This reduces her fees by $285. Thus, a reduction of $468 in 2021, $1,011 in 2022, and $285 in 2023—the total amount reduced in Ms. Bush's fees equals $1,764.

and Costs in its entirety and award a total of **$36,367.18** reflecting $33,553.30 in attorney's fees and $2,813.88 in costs in the form of a check made jointly payable to Petitioner and her attorney Mari Bush.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.